UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZIPLINK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Ziplink, Inc., does hereby, through its attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Ziplink, Inc., (hereinafter "Ziplink"), is a corporation organized and existing under the laws of Delaware, having a principal place of business at 40 Woodland Street, Hartford, Connecticut, 06105.

2. Upon information and belief, Defendant Charter Communications, Inc. (hereinafter "Charter"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 400 Atlantic Street, Stamford, Connecticut.

## JURISDICTION

3. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant, and Defendant comes within the scope of the Connecticut long-arm statute, Conn. Gen. Stat. § 52-59b, because, upon information and belief and among other things, Defendant resides within this judicial district, is

transacting business within this judicial district, and has committed tortious acts causing injury within this judicial district, including acts of infringement which are in part the subject matter of this Complaint.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400.

## BACKGROUND FACTS

6. Ziplink is the owner by assignment of United States Patent No. 7,672,998 entitled "Apparatus and methods for controlling the transmission of messages," issued on March 2, 2010 ("the '998 patent"). A true and correct copy of the '998 patent is attached hereto as Exhibit A.

7. Ziplink is the owner by assignment of United States Patent No. 8,271,596, entitled "Apparatus and methods for controlling the transmission of messages," issued on September 18, 2012 ("the '596 patent"). A true and correct copy of the '596 patent is attached hereto as Exhibit B. (The '998 patent and the '596 patent are hereinafter collectively referred to as the "patents-in-suit").

8. Upon information and belief, Charter has made, used, offered to sell or sold, and/or imported products and/or services that infringe one or more of the claims of the patents-in-suit.

9. Charter offers internet email services.

10. Charter's email services directly infringe one or more of the claims of the patents-in-suit.

11. Ziplink has suffered injury from Charter's acts of patent infringement.

## COUNT I
**(Infringement of U.S. Patent No. 7,672,998)**

12. Ziplink repeats and realleges paragraphs 1-11, above, as though fully set forth herein.

13. Charter infringes and will continue to infringe one or more of the claims of the '998 patent by, among other activities, offering to sell or selling its email products and/or services.

14. Charter has also infringed the '998 patent by contributing to the infringement of the '998 patent by others and/or by inducing others to infringe the '998 patent.

15. Upon information and belief, Charter's continued infringement of the '998 patent, whether direct, contributory, and/or by inducement, has been and continues to be knowing, willful, and objectively reckless.

16. Ziplink has been irreparably harmed to an extent not yet determined by Charter's infringement, and will continue to be irreparably harmed in the future unless Charter is enjoined from its activities by this Court.

## COUNT II
**(Infringement of U.S. Patent No. 8,271,596)**

17. Ziplink repeats and realleges paragraphs 1-16, above, as though fully set forth herein.

18. Charter infringes and will continue to infringe one or more of the claims of the '596 patent by, among other activities, offering to sell or selling its email products and/or services.

19. Charter has also infringed the '596 patent by contributing to the infringement of the '596 patent by others and/or by inducing others to infringe the '596 patent.

20. Upon information and belief, Charter's continued infringement of the '596 patent, whether direct, contributory, and/or by inducement, has been and continues to be knowing, willful, and objectively reckless.

21. Ziplink has been irreparably harmed to an extent not yet determined by Charter's infringement, and will continue to be irreparably harmed in the future unless Charter is enjoined from its activities by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Ziplink respectfully asks this Court to enter judgment against Charter and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Charter, granting the following relief:

A. The entry of judgment in favor of Ziplink and against Charter;

B. A permanent injunction prohibiting further infringement of the patents-in-suit;

C. An award of damages adequate to compensate Ziplink for the infringement that has occurred, but in no event less than a reasonable royalty for the use made of the inventions of the patents-in-suit as provided in 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

D. Award Ziplink treble damages as provided in 35 U.S.C. § 284;

E. Find that this case is exceptional and award Ziplink its costs in this action together with reasonable attorneys' fees as provided in 35 U.S.C. § 285; and

F. Such other relief to which Ziplink is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Ziplink demands a trial by jury on all issues so triable.

                            Respectfully submitted,

Date: August 21, 2014                By: /s/ Andrew C. Ryan_____
                                         Andrew C. Ryan, Esq. (ct21565)
                                         ryan@cantorcolburn.com
                                         Steven M. Coyle, Esq. (ct21039)
                                         scoyle@cantorcolburn.com
                                         Chad A. Dever, Esq. (ct27032)
                                         cdever@cantorcolburn.com
                                         CANTOR COLBURN LLP
                                         20 Church Street, 22nd Floor
                                         Hartford, CT  06103
                                         Tel: 860-286-2929
                                         Fax: 860-286-0115

                                         ATTORNEYS FOR PLAINTIFF
                                         ZIPLINK, INC